[Cite as *State v. Knight*, 2016-Ohio-8297.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104675

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT KNIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582971-A and CR-15-601601-A

**BEFORE:** McCormack, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square
Suite 2100
Cleveland, OH 44113

**Also listed:**

Robert Knight
Inmate No. 683538
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44905


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Robert Knight appeals the trial court's judgment in Cuyahoga C.P. Nos. CR-14-582971-A and CR-15-601601-A. Knight's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has requested leave to withdraw as counsel in accordance with Loc.App.R. 16.

{¶2} Knight was indicted for escape, drug possession, and receiving stolen property in Case No. CR-14-582971-A. Thereafter, he pleaded guilty to the amended charges of attempted escape, drug possession, and attempted receiving stolen property. The court sentenced Knight to two years of community control sanctions. Knight was later charged in a six-count indictment for three counts of felonious assault, one count of aggravated menacing, and two counts of criminal damaging or endangering in Case No. CR-15-601601-A. He entered a guilty plea to the amended charge of attempted aggravated assault, criminal damaging, and aggravated menacing, and the remaining charges were dismissed. The court sentenced Knight to two years of community control sanctions. Based upon his conviction in CR-15-601601-A, the court found Knight to be in violation of his community control sanctions in CR-14-582971-A and continued Knight's community control. Subsequently, Knight violated his community control in both cases and the court terminated Knight's community control. The court then imposed a prison sentence of 12 months in CR-14-582971-A and 9 months in CR-15-601601-A, to be served consecutively, for an aggregate prison term of 21 months.

**{¶3}** In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, concludes that the appeal is "wholly frivolous," counsel may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. This request, however, must "be accompanied by a brief identifying anything in the record that might arguably support the appeal." *Id.* Further, counsel must furnish the client with a copy of the brief and allow the client sufficient time to file his or her own brief, pro se. *Id.*

**{¶4}** Here, appointed counsel fully complied with the requirements of *Anders* and Loc. App. R. 16(C). Counsel filed an *Anders* brief and provided that he served his brief upon his client. This court held counsel's motion to withdraw in abeyance and granted Knight leave until October 17, 2016, in which to file a pro se brief. To date, Knight has failed to file a brief on his own behalf.

**{¶5}** In counsel's *Anders* brief, counsel stated that he thoroughly reviewed the record, including the transcripts of the proceedings, and determined that there were no prejudicial errors or nonfrivolous issues to raise on appeal. Specifically, counsel (1) reviewed the record for compliance with Crim.R. 11 relative to the requirements that the pleas were knowing, voluntary, and intelligent and found no deviations from Crim.R. 11; and (2) considered the sentencing proceedings and found no prejudicial sentencing errors.

**{¶6}** In accordance with *Anders*, once appellant's counsel satisfied the foregoing requirements, this court then examines the proceedings below to determine if any meritorious issues exist. If we conclude the appeal is wholly frivolous, we may grant

counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may "proceed to a decision on the merits if state law so requires." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. If, however, the court finds any legal points arguable on their merits, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id.*

**{¶7}** Pursuant to Loc.App.R. 16 and *Anders*, this court has conducted an independent examination of the record to determine if there are any legal issues of arguable merit. Upon a complete review of the record, this court agrees that no prejudicial error occurred in the lower court, and any appeal on Knight's behalf would be frivolous. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

**{¶8}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR

KEY WORDS:

*State v. Knight*, Appeal No. 104675

*Anders* brief; Loc.App.R. 16; withdraw; dismiss. Appointed counsel's motion to withdraw is granted and the appeal is dismissed where appointed counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Loc.App.R. 16 asserting there are no legal issues of arguable merit to raise on appeal, and this court agreed, following an independent review of the record.